UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 13-11 (RMC) |
| JOAN WILBON, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**OPINION**

Because the rear door of an apartment building was chained shut from the outside, residents could not escape quickly when a fire broke out. A child was killed and others were injured. The question presented here is whether the children's injuries are covered by specific insurance policies. The parties have filed cross motions for summary judgment. Nationwide Mutual Fire Insurance Company issued two policies that covered various properties to the property manager, but because the apartment building and the management office were not listed as insured premises, there is no coverage here. Judgment will be entered in favor of the insurer.

**I. FACTS**

Sheba Alexander lived in an apartment at 3113 Buena Vista Terrace, S.E., Washington, D.C., with her three minor children. On February 4, 2011, an electrical outlet in the building caught fire, causing Ms. Alexander's children to flee. The children attempted to leave through the rear door of the building, but could not get out because the door was padlocked from the outside. They then tried to leave through the building's front door. Two of the children managed to get past the smoke and flames, but the third perished in the fire. The two children who escaped required medical treatment.

1

Joan Wilbon was appointed as the personal representative of the estate of the deceased child. Ms. Wilbon and Ms. Alexander filed suit in D.C. Superior Court against: the District of Columbia, Community Partnership for the Prevention of Homelessness (CPPH), Bailey Real Estate Holdings LLC, and Buena Vista Terrace LLC (Underlying Suit). *See* Am. Compl. [Dkt. 18], Ex. B (*Wilbon v Dist. of Columbia*, C.A. No. 0008700-11 (D.C. Super. Ct.) (Compl. filed Nov. 3, 2011)). Ms. Alexander and her children had been homeless and their housing was provided by the District of Columbia and CPPH. Buena Vista Terrace LLC (Buena Vista) owned the apartment building at 3113 Buena Vista where the fire took place, and Bailey Real Estate Holdings LLC (Bailey) managed the building. The Underlying Suit asserts claims for survival, wrongful death, and negligence due to the failure to maintain the apartment building in a reasonably safe condition, free of unreasonable hazards, and in compliance with all applicable codes.

Defendants claim that Bailey is covered by specific insurance policies issued by Nationwide Mutual Fire Insurance Company (Nationwide) and that Nationwide is obligated to defend and indemnify Bailey in the Underlying Suit. Nationwide asks for declaratory judgment that it has no duty to defend or indemnify Bailey in the Underlying Suit under the policies issued to Bailey. Am. Compl. ¶¶ 18-23.

To be sure, Nationwide insured Bailey pursuant to two policies. The first of these, "Policy 7634," is a Premier Businessowners Policy, number ACP BPHF 5123327*634*, effective from June 17, 2010 to June 17, 2011. Pl.'s Mot. for Summ. J. [Dkt. 24], Ex. 2 [Dkt. 24-4]. The Common Declarations of Policy 7634 identify the insured's mailing address as Bailey's office located at 1434 Park Road, NW, Washington D.C. The Common Declarations describe the insured business as "Apartment Building – Single BL." *Id*. at 1. The Property Declarations

list the addresses of various properties owned and/or managed by Bailey that are located in the District of Columbia and set forth coverage limits for each. The apartment building on Buena Vista Terrace is *not* listed. Policy 7634 also contains a Limitation of Coverage to Designated Premises Endorsement that provides:

> This endorsement modifies Insurance provided under the following:
>
> Premier Businessowners Liability Coverage Form
>
> This insurance applies only to "bodily injury," "property damage," "personal and advertising injury," and medical expenses *arising out of the ownership, maintenance or use of those premises that are shown in the Declarations*, *and your operations necessary or incidental to those premises*.

Defs. Mot. for Summ. J. [Dkt. 23], Defs. Exs. [23-2], Ex. F at 55 (emphasis added).[1]

The second policy issued to Bailey by Nationwide, "Policy 7635," is a Premier Businessowners Policy, number ACP BPHF 512332*7635*, effective from June 22, 2010 to June 22, 2011. Pl.'s Mot. [Dkt. 24], Ex. 3 [Dkt. 24-5]. The substantive terms of Policy 7635 are identical to Policy 7634 in all relevant respects. The Common Declarations again identify the insured's mailing address as the Park Road office and describe the insured business as an "Apartment Bldg[–]Sngl Bldg w/5 or more [residences]." Policy 7635 lists various covered properties in the Property Declarations but does *not* list the Buena Vista apartment building. Policy 7635 also contains a Limitation of Coverage to Designated Premises Endorsement identical to the one quoted above. *See* Defs. Exs., Ex. F.

Nationwide is currently defending both Buena Vista and Bailey in the Underlying Suit under the terms of a different insurance policy—number ACP BPHM 240485*1807* ("Policy 1807"), issued to Buena Vista. Policy 1807 expressly lists the apartment building at 3113 Buena

---
[1] The page numbers cited for Exhibits are those assigned by the electronic case filing system.

Vista Terrace as an insured property. The parties agree that Bailey is an additional insured under Policy 1807 for purposes of Nationwide's duty to defend but not for purposes of the duty to indemnify. *See* Pl. Mot. for Summ. J. at 14.

Nationwide filed this suit seeking a declaratory judgment that it is not obligated to defend or indemnify Bailey in the Underlying Suit under Policies 7634 and 7635. The parties agree that no material facts are in dispute and Nationwide moves for summary judgment. Bailey, Buena Vista, Ms. Alexander, and Ms. Wilbon (collectively, Defendants) cross move for summary judgment.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675. If the evidence "is merely

4

colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. ANALYSIS

A liability insurer such as Nationwide has no duty to defend a suit brought by a third party against its insured when the underlying complaint fails to bring the case within the coverage of the policy. *See Indep. Petrochem. Corp. v. Aetna Cas. & Sur. Co.*, 654 F. Supp. 1334, 1345-46 (D.D.C. 1986). The insured bears the burden of showing that the underlying complaint comes within the policy's coverage, *id.*, and the insurer bears the burden of showing that an exclusion under the policy applies. *Cameron v. USAA Prop. & Cas. Ins. Co.*, 733 A.2d 965, 969 (D.C. 1999). An insurer that invokes an exclusion must establish that it is stated in clear language that applies to the particular case. *Essex Ins. Co. v. Cafe Dupont, LLC*, 674 F. Supp. 2d 166, 170 (D.D.C. 2009) (citation omitted). Any doubt as to whether the allegations in a complaint are covered by the policy must be resolved in favor of the insured, and any ambiguities regarding policy coverage must also be construed in favor of the insured. *Continental Cas. Co. v. Cole*, 809 F.2d 891, 895 (D.C. Cir. 1987).

> Since insurance contracts are written exclusively by insurers, courts generally interpret any ambiguous provisions in a manner consistent with the reasonable expectations of the purchaser of the policy. However, when such contracts are clear and unambiguous, they will be enforced by the courts as written, so long as they do not violate a statute or public policy.

*Travelers Indem. Co. v. United Food & Comm. Workers Int'l Union*, 770 A.2d 978, 986 (D.C. 2001).

The Limitation of Coverage to Designated Premises Endorsement in Policies 7634 and 7635 limits coverage to injuries "arising out of the ownership, maintenance or use of those premises that are shown in the Declarations, and your operations necessary or incidental to

5

those premises." Nationwide contends (1) that this prominent Limitation restricts coverage to the premises "designated" for coverage in the Property Declarations of each Policy; (2) that neither the Park Road office nor the Buena Vista apartment building is listed on the Property Declarations of either Policy; and (3) therefore, Policies 7634 and 7635 do not cover injuries that occurred at the Buena Vista Terrace property. As a result, Nationwide argues, it does not have a duty to defend or indemnify Bailey in the Underlying Suit under either of the two Policies at issue.

Defendants respond that the Policies cover Bailey for defense and liability because Policies 7634 and 7635 encompass injuries arising from the "use of those premises shown in the Declarations." Defendants emphasize that the word "Declarations" is plural and contend that, in context, it is ambiguous. They argue that the Policies should therefore be construed in their favor to mean insurance coverage should be extended to all properties listed in both the Property Declarations *and* the Common Declarations. Their logic proceeds accordingly: (1) Bailey's Park Road office address is set forth in the Common Declarations; (2) the Limitation of Coverage Endorsement states that insurance applies to injuries arising from the "use" of premises shown in the "Declarations"; (3) the Underlying Suit alleges negligent management of the Buena Vista apartment building; and (4) Bailey managed the Buena Vista apartment building from its Park Road office.

Defendants read too much into the term "Declarations." The Common Declarations merely list the name and mailing address of the insured entity and do not purport to set forth the address of any insured property, the coverage types, and the limits that apply to any insured property. In contrast, the Property Declarations identify the specific addresses of insured premises, the types of coverage that apply, and the dollar limits of such coverage. The

Limitation of Coverage to Designated Premises Endorsement does not refer to the Common Declarations since that part of the policy does not designate insured premises. Interpreting the Policies in a manner that is consistent with the reasonable expectations of the purchaser, *see Travelers*, 770 A.2d at 986, the Court finds that Bailey could not reasonably have expected that Policies 7634 and 7635 covered Bailey's office on Park Road since the office was listed only as Bailey's mailing address and not designated as an insured property.

Defendants further argue that Nationwide's underwriting manual acknowledges that a designated premises limitation may be nullified when an owner manages other locations from an insured location. *See* Defs. Exs., Ex. K (Underwriting Manual) at 72. The manual states that agents should limit coverage to designated premises and gives the following example:

> Insured owns several apartment buildings. The policy is endorsed regularly with additions of new complexes purchased and deleting [sic] those sold. The underwriter adds CG 2144 [*i.e.*, Limitation of Coverage to Designated Premises Endorsement][2] to the policy to limit coverage to the known apartment exposures only.
>
> Note, if our property owner is managing their locations out of our insured location, they are in effect "using" the premises to run their business, thereby nullifying the effect of the limitation endorsement. Underwriting should secure as much information as possible to properly apply this endorsement.

*Id*. The flaw in Defendants' argument is that neither Policy 7634 nor Policy 7635 designated the Bailey office on Park Road as an insured premises, but only listed it as the address of the insured entity.

Even if Bailey's office were insured under either Policy, the tragedy at 3113 Buena Vista Terrace would not be covered under the disputed Policies. There is no consensus among courts whether a "limitation of liability to designated premises" provision limits

---

[2] *See* Underwriting Manual at 71.

insurance coverage to injury *at* only the specified insured premises or whether it extends insurance coverage to all business operations conducted *from* the insured premises, thereby covering off-site injuries. *Compare Southeast Farms, Inc. v. Auto-Owners Ins. Co.*, 714 So. 2d 509 (Fla. App. 1998) (coverage provided for off-site injury), *and Sun Ins. Co. of New York v. Hamanne*, 306 A.2d 786 (N.H. 1973) (same), *with Home Ins. Co. of Manchester v. Phillips*, 815 F. Supp. 1471 (S.D. Fla. 1993) (no coverage for off-site injury), *aff'd without op.*, 26 F.3d 1121 (11th Cir. 1994) (Table), *and Hartford Fire Ins. Co. v. Annapolis Bay Charters, Inc*., 69 F. Supp. 2d 756 (D. Md. 1999) (same). The parties agree that District of Columbia law applies in this case,[3] but there are no reported cases from the District of Columbia that answer. However, Maryland courts have examined such language, and D.C. courts look to Maryland law in the absence of D.C. precedent.[4]

Two courts in Maryland have interpreted almost identical coverage language and held that an injury at a location not designated in a premises liability policy is not covered even when the location was managed from a designated insured property. *See Hartford Fire Ins. Co. v. Annapolis Bay Charters, Inc*., 69 F. Supp. 2d 756 (D. Md. 1999); *Chesapeake Physicians Prof. Ass'n v. The Home Ins. Co*., 608 A.2d 822 (Md. App. 1992).

In *Hartford*, the insured was Annapolis Bay Charters, Inc., a charter boat company. A customer's hand was badly injured when it was caught in a rope as the charter captain attempted to dock a boat. *Hartford*, 69 F. Supp. 2d at 759. The customer sued the

---

[3] In insurance cases, where the insured is headquartered in the District of Columbia and the underlying events took place in the District, D.C. law applies. *Nationwide Mut. Ins. Co. v. Richardson*, 270 F.3d 948, 953 (D.C. Cir. 2001).

[4] D.C. courts generally look to Maryland law for guidance because the District of Columbia derives its common law from Maryland. *Conesco Indus. Ltd. v. Conforti & Eisele, Inc*., 627 F.2d 312, 315-16 (D.C. Cir. 1980); *Potomac Plaza Terraces, Inc. v. QSC Products, Inc*., 868 F. Supp. 346, 352 n.9 (D.D.C. 1994).

charter company alleging, *inter alia*, negligence by an incompetent captain. *Id*. at 761. The charter company claimed insurance coverage. The insured premises were the company's office and its retail hardware store, and the policy contained a "limitation of liability to designated premises" endorsement. *Id*. at 759. In words identical to the provision at issue, the *Hartford* endorsement limited coverage to injuries "arising out of the ownership, maintenance or use of the premises described in the Declarations and operations necessary or incidental to those premises." *Id*. The charter company insisted that *all* business operations at its office were insured—including chartering boats—so that a customer's injury on a chartered boat was covered by its policy. *Id*. at 760. The Maryland district court rejected this broad interpretation because (1) it would extend coverage to every aspect of the charter company's business since all acts could be said to arise from the use of the company's office; and (2) it was clear from the plain language of the policy that the parties signed a premises liability insurance policy, not a comprehensive general liability policy. *Id*. at 761. The court reasoned that the "specialized business operation of chartering watercraft to be used off-site simply [did] not qualify as a 'use . . . of the premises'" because "use" meant the use of the physical structures and real estate at the insured office and hardware store. *Id*.

The Maryland Court of Special Appeals undertook a similar analysis in *Chesapeake*. In that case, an association of physicians maintained an insurance policy with an almost identical endorsement that limited coverage to injuries "arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto." *Id*. at 826. The association's office was the only designated premises. A surviving spouse brought suit against the association alleging, *inter alia*, that the association had negligently misrepresented the scope of coverage of an health maintenance organization for which the

9

association provided services. The widow alleged misrepresentation concerning coverage for liver transplants that caused denial of transplant surgery to her husband, who soon died. *Id*. at 824. The association claimed insurance coverage.

Like the *Hartford* court, the trial court concluded that the association held only a premises liability policy and not a general liability policy. *Id*. at 824. The Court of Special Appeals affirmed, finding that the policy was clearly a premises liability policy and that coverage did not extend beyond the association's location. *Id*. at 827. The court noted that if all of the association's business operations were covered, the policy would have included a more precise definition of its activities. *Id*.

The policies analyzed in *Hartford* and *Chesapeake* are analogous to the Policies contested here. Even if Policies 7634 and 7635 covered Bailey's office on Park Road, which the Court finds they do not, the Policies would not extend beyond that office to cover injuries from a fire at Buena Vista Terrace because the Policies are limited to premises liability. In other words, even if either Policy covered the specific premises of Bailey's office, they clearly are not comprehensive general liability policies that would cover injury at a property that is not named in any of the Declarations. "Use" of premises means use of the physical structures and real estate at the designated properties. *See Hartford*, 69 F. Supp. 2d at 761. If the Policies covered Bailey's management operations beyond its Park Road office, the Policies would have spelled out the nature of such operations. *See Chesapeake*, 608 A.2d at 827.

Notably, another Maryland case *Sallie v. Tax Sale Investors, Inc*., 814 A.2d 572 (Md. App. 2002), examined similar "limitation of coverage to designated premises" language and found the provision ambiguous. However, the facts of *Sallie* are clearly distinguishable from this case. The insured in *Sallie* was a real estate agent, and the insured property was the agent's

office. 814 A.2d at 578. The agent sued for insurance coverage for a wrongful eviction claim brought by a tenant evicted at a different location. The trial court found no coverage beyond the agent's office. *Id*. at 573-74. The Maryland Court of Special Appeals vacated and remanded, finding the policy ambiguous because, even though it limited coverage to designated premises, it also expressly covered injury due to wrongful eviction. *Id*. at 578, 582-84.

The case at hand does not present the same conundrum, and the *Sallie* case does not control. Bailey's office is not designated as an insured property on either Policy. To the contrary, the designated properties are clearly specified with addresses and coverage amounts in each Property Declaration. In addition, the designated insured properties are identified as apartment buildings, not as property management businesses. In sum, following the reasoning of *Hartford* and *Chesapeake*, Policies 7634 and 7635 are limited to the premises designated in the Property Declarations and do not provide insurance coverage for injury caused by the fire at Buena Vista Terrace. Nationwide is entitled to a declaratory judgment that it has no duty under Policies 7634 and 7635 to defend or indemnify Bailey in the Underlying Suit. Summary judgment will be granted in favor of Nationwide.

## IV. CONCLUSION

For the reasons set forth above, Nationwide's motion for summary judgment [Dkt. 24] will be granted, and Defendants' motion for summary judgment [Dkt. 23] will be denied. A memorializing Order accompanies this Opinion.


Date: August 16, 2013

/s/
ROSEMARY M. COLLYER
United States District Judge